**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Brandy Johnson,

        Plaintiff,

      v.                                Case No. 1:14cv453

Eli Lilly and Company,                 Judge Michael R. Barrett

        Defendant.

**<u>OPINION & ORDER</u>**

This matter is before the Court upon Defendant's Motion to Dismiss Four Counts of the Complaint and for an Order Pursuant to Rule 9(b).  (Doc. 8).  Plaintiff filed a Response in Opposition (Doc. 9) and Defendant filed a Reply (Doc. 13).

**I.**   **<u>BACKGROUND</u>**

Plaintiff alleges that while she was pregnant, she took Prozac, which is a prescription medication sold by Defendant Eli Lilly and Company.   Plaintiff claims Prozac caused her son to be born with certain birth defects which led to his death when he was less than one year old.

Defendant argues that Plaintiff's claims for breach of warranty – implied warranty of fitness for particular purpose (Count Five), breach of warranty – implied warranty of merchantability (Count Six) and fraudulent misrepresentation (Count Seven) are abrogated by Ohio's Product Liability Act ("OPLA").   Defendant also moves for an order pursuant to Federal Rule of Civil Procedure 9(b) requiring Plaintiff to plead with specificity the facts relating to her allegations of fraudulent concealment, and if Count Seven is not

dismissed, the circumstances of the fraud alleged.  Finally, Defendant argues that Plaintiff's claim for defective manufacturing/construction (Count One) fails to state a claim

Plaintiff agrees that her claims for breach of warranty – implied warranty of fitness for particular purpose (Count Five) and breach of warranty – implied warranty of merchantability (Count Six) should be dismissed.  (See Doc. 9, PAGEDID# 62, n.2).  However, Plaintiff disputes that her claim for fraudulent misrepresentation (Count Seven) falls within the scope of OPLA, and argues that it meets the requirements of Rule 9(b).  Plaintiff also argues that she has adequately plead a claim for defective manufacturing/construction (Count One).

## II.  ANALYSIS

### A.  Standard of Review

"[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, the factual allegations "must contain more than conclusions and an unsubstantiated recitation of the necessary elements of a claim."  *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012).

Federal Rule of Civil Procedure 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  As

2

one district court has recently explained:

> It is well-settled in the Sixth Circuit that circumstances constituting fraud include "the time, place, and content of the alleged misrepresentation" as well as the identity of the individual making the representation. *United States v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir.2008) (internal quotations omitted); *Sogevalor, SA v. Penn Central Corp.*, 771 F.Supp. 890, 893 (S.D.Ohio 1991) (citing *Michaels Bldg. Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 680 (6th Cir. 1988)).  The plaintiff must also allege "the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Ford Motor*, 532 F.3d at 504.

*MISC Berhard v. Advanced Polymer Coatings, Inc.*, No. 1:14 CV 1188, 2014 WL 5038001, at *2 (N.D. Ohio Oct. 8, 2014).

## B. Ohio Product Liability Act abrogation

The OPLA applies to "recovery of compensatory damages based on a product liability claim," in addition to "[a]ny recovery of punitive or exemplary damages in connection with a product liability claim."  Ohio Rev.Code § 2307.72(A) & (B).  "The OPLA has been held to abrogate claims for strict products liability, negligent failure to warn, breach of express warranty, and breach of implied warranty."  *Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010) (and cases cited therein); *see also* Ohio Rev.Code § 2307.71(B) ("Sections 2307.71 to 2307.80 are intended to abrogate all common law product liability causes of action.).

However, "[c]laims of active misrepresentation (as opposed to failure to warn) in connection with a product are not abrogated by the OPLA."  *Boroff v. Alza Corp.*, 685 F. Supp. 2d 704, 711 (N.D. Ohio 2010) (citing *Hollar v. Philip Morris, Inc.*, 43 F.Supp.2d 794, 809 (N.D. Ohio 1998) (holding that claims of active misrepresentation implicate a broader "duty not to deceive" and are thus not product liability claims barred by the OPLA)); *see also Hogue v. Pfizer, Inc.*, 893 F. Supp. 2d 914, 918 (S.D. Ohio 2012) (explaining that "the

3

OPLA does not abrogate fraud claims which are based on a general duty not to actively deceive; however, the OPLA does abrogate fraud claims arising from a duty to warn.") (citing *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 348-49 (6th Cir. 2000)).

Here, Plaintiff's claim for fraudulent misrepresentation is based upon a duty to warn.  In her Complaint, Plaintiff alleges Defendant knew or should have known about the adverse side effects and risks of Prozac as early as 1987.  (Doc. 1, ¶¶ 29-31). Plaintiff alleges that instead of disclosing these risks, Defendant "made consistent and repeated misrepresentations . . . in its promotional materials and marketing documents," fraudulently proclaiming Prozac "has no association with teratogenicity . . . and is safe and effective for use during pregnancy and in woman of childbearing age."  (Id., ¶¶ 44, 104, 106).  Plaintiff also alleges that Defendant "fraudulently omitted" information regarding "the risks of birth defects revealed in Lilly's animal studies on Prozac" breached its "duty to disclose material information" regarding Prozac.  (Id., ¶¶ 22, 29-31, 44, 103, 107-108).

These allegations show that Plaintiff's fraud claim is based on a theory of omission and concealment.  *Accord Hogue*, 893 F. Supp. 2d at 919 (explaining that "claims of fraud based upon fraudulent misrepresentation and concealment are preempted to the extent that they are predicated on a duty to issue additional or clearer warnings through advertising and promotion.") (quoting *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 349 (6th Cir. 2000)).  Therefore, the Court finds that Plaintiff's claim of fraudulent misrepresentation (Count Seven) falls within the scope of OPLA and is DISMISSED.

### C.  Defective manufacturing/construction

Defendant argues that Plaintiff has failed to state a claim for defective

manufacturing/construction (Count One).   Plaintiff's claim is brought pursuant to Ohio

Revised Code § 2307.74, which provides:

> A product is defective in manufacture or construction if, when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards.   A product may be defective in manufacture or construction as described in this section even though its manufacturer exercised all possible care in its manufacture or construction.

Ohio Rev. Code § 2307.74.   One court found the plaintiff adequately plead a claim under

this section where the plaintiff alleged "specific problems with the product; namely, that

test results showed the product was out of specification with regard to its primary

compound, and that this was a deviation from the product's intended characteristics."

*Friedman v. Intervet Inc.*, No. 3:09CV2945, 2010 WL 2817257, at *3 (N.D. Ohio July 16,

2010).

Here, Plaintiff has merely alleged that the Prozac "was not made in accordance

with" Defendant's "specifications or performance standards," and Defendant "sold and/or

distributed Prozac in a condition that posed unreasonable risks from reasonably

anticipated use."   (Doc. 1, ¶¶ 57, 59(c)).   Plaintiff argues that without discovery she

cannot specify the manufacturing defect.   However, this Court has previously rejected

this argument.   *See Frey v. Novartis Pharm. Corp.*, 642 F. Supp. 2d 787, 792 (S.D. Ohio

2009) (finding that the plaintiffs failed to adequately plead claim under Ohio Rev. Code §

2307.74 even though the plaintiffs argued that "they cannot particularly allege that the

scientific makeup of the drug is defective for a specific reason without conducting

discovery, which requirement would exceed *Twombly's* plausibility standard.").

Accordingly, the Court finds that Plaintiff has failed to state a claim under Ohio Revised Code § 2307.74 and therefore, that claim is DISMISSED.

**III.**     <u>**CONCLUSION**</u>

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 8) is **GRANTED** as to Plaintiff's claim for claims for breach of warranty – implied warranty of fitness for particular purpose (Count Five), breach of warranty – implied warranty of merchantability (Count Six) and fraudulent misrepresentation (Count Seven) and claim for defective manufacturing/construction (Count One).

**IT IS SO ORDERED.**


_____*/s/ Michael R. Barrett*_____
Michael R. Barrett, Judge
United States District Court

6